JANUARY TERM, 1883, No.  .                    MAY 16, 1883.

## Groff's Appeal.

An executor, who is also the vendee of land of his testator, under a deed of general warranty, cannot claim credit in his account as executor for counsel fees paid by him in successfully defending an action of ejectment for the land, brought against him as an individual after the death of the testator, where no breach of warranty is established and no paramount title is shown.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.; CLARK, J., absent.

[Groff's Appeal.]

Appeal of Solomon C. Groff from a decree of the Orphans' Court of *Lancaster County*, sustaining exceptions to the report of an auditor upon the account of said Solomon C. Groff as executor of the last will and testament of George Groff, deceased.

The facts, as found by the auditor and the Court below, were as follows :

George Groff died on June 8, 1880, having made Solomon C. Groff executor of his will. His son, Wayne Groff, who died in 1857, left a son, Christian O. Groff, surviving him. The testator put Wayne Groff into possession of one hundred and four acres and thirteen perches of land in Lancaster county some four or five years before Wayne's death, and had intended to convey it to him, but had never delivered to him a deed for it. Wayne occupied it during the four or five years preceding his death, and paid the taxes on it as owner during that time. About a year after Wayne's death, the testator destroyed the deed intended for Wayne and executed and delivered a deed, containing the usual general warranty, to his son, Solomon C. Groff, for the land in question, for the consideration of $11,926 06¼. After the death of testator, Christian O. Groff brought an action of ejectment against Solomon C. Groff, individually, for the land, which, at the time of the suit, was estimated by the auditor to be worth $20,000. Solomon C. Groff consulted his counsel about the suit, and entered into a written agreement, in his individual capacity, to pay them for their services therein $1,250. The cause was arbitrated and the award was "no cause of action." From this award the plaintiff appealed, and a judgment of non-suit was subsequently entered in open court. No paramount legal title was shown and there was no eviction. Solomon C. Groff paid his attorneys $1,250, as agreed upon. This amount he claimed credit for on the audit of his accounts as executor. On this claim the auditor, Daniel G. Baker, found as follows :

"The auditor is of opinion that the accountant is entitled to charge against his father's estate such a proportion of the $1,250 paid for counsel fees as the sum of $11,926 06¼, the amount of the consideration money on Solomon's deed, bears to the $20,000, the value of the farm at the time the suit was pending, namely, $744, and the balance of $506 must be deducted from the said credit, and that such credit should stand as credit in his account only for $744. For the reasonableness of the said coun-

sel fee, under the contract duly entered into by the parties, Scott's Estate, 9 W. & S., 98, is an authority."

Exceptions were filed, *inter alia*, to this finding, which the Court below, LIVINGSTON, P. J., sustained.

The accountant thereupon took this writ, assigning for error, *inter alia*, the action of the Court in overruling the award of the auditor.

*B. F. Eshleman* and *W. M. Franklin* for appellant.

Solomon C. Groff was in the dual position of grantee under the general warranty deed and of executor and personal representative of the warrantor. The suit was defended by him in his capacity as executor. The case is that of the executor of the deceased warrantor representing his estate, receiving simultaneously with the service on the grantee formal notice of suit brought against the title granted by the testator, and in pursuance of such notice, undertaking the defense and asking credit for the expenses incurred. The covenant of warranty of land is a personal obligation, and as such the personal representative of the deceased becomes liable for any breach of the covenant : 3 Williams on Executors, 1721 ; Rawle on Covenants for Title, 592 ; Townsend *v.* Morris, 6 Cow., 123 ; McClure's Executors *v.* Gamble, 3 Casey, 288 ; Hovey *v.* Newton, 11 Pick., 421 ; Harrison *v.* Sampson, 2 Wash. 155 ; Lee *v.* Cooke, 1 *Id.*, 306 ; Wells *v.* Fydell, 10 East., 316.

Our position in this case is not affected by the general rule that a warranty is not available unless there has been an eviction either actual or constructive. Damages for breach of a covenant for quiet enjoyment, accruing both before and after the death of the covenantor, may be recovered in one and the same action against his administrator. The executor, upon receiving notice of the suit against his testator's covenantee, would not be justified in waiting for an eviction. As the representative of the warrantor, he could not, with any justice or propriety, do so. If he remains passive, he thereby renders the estate of the testator liable for the full amount of the damages recoverable under the covenant of warranty : Fishel *v.* Fishel, 7 Watts, 44 ; Scott's estate, 9 Watts & Serg., 98 ; Anderson's Admins. *v.* Washabaugh, 7 Wr., 115 ; Cox's Adm. *v.* Henry, 8 Cas., 18.

The account was not liable for the costs of the audit : Yoder's Appeal, 9 Wr., 394 ; Graver's Appeal, 14 *Ibid.*, 189 ; Harding's Est., 12 Harris, 189.

[Wagner *et al.* v. Henderson *et ux.*]

*N. Ellmaker* and *H. M. North* for appellees.

When the executor charged his testator's estate with the counsel fees in the ejectment suit, he protected his own interest and sacrificed his trust. The record in the ejectment suit showed no employment of counsel, appearance, plea, or defense by the executor, and he was not a party to the suit. Everything was done on behalf of Solomon personally. Therefore, if the plaintiff had recovered, and the warrantee had sued on the warranty, a good title would have been a good defense. How, then, can the estate be put in a worse position as to counsel fees and expenses than if Solomon had lost the land?

There was no evidence, and there can be no recovery on the covenant until after eviction or surrender of possession under a paramount title: Clarke *v.* McAnulty, 3 S. & R., 364; Patton *v.* McFarlane, 3 P. & W., 419; Stewart *v.* West, 2 Harris, 336; Wilson *v.* Cochran, 10 Wr., 229.

OCTOBER 1, 1883.—PER CURIAM: We discover no error in this decree. No paramount title was shown. No breach of warranty was established. If the vendor were living, he would not be liable for the expenses incurred by the vendee in making this successful defense. The facts that the vendor was dead, and the vendee was his executor, do not, we think, make the estate of the vendor liable for any portion of the fee paid counsel in defending the action of ejectment. The appellant, as vendee, could not make, with himself as executor, a binding contract to the prejudice of those interested in the estate.

Decree affirmed and appeal dismissed at the costs of the appellant.